# UNITED STATES DISTRICT COURT
## FOR THE
## DISTRICT OF COLORADO

| | |
|---|---|
| TRACY and RON FULTZ, ) | |
| ) | |
| Plaintiffs ) | |
| ) | **Case No.:** |
| v. ) | |
| ) | **COMPLAINT AND DEMAND FOR** |
| FRESH VIEW SOLUTIONS, ) | **JURY TRIAL** |
| ) | |
| Defendant ) | **(Unlawful Debt Collection Practices)** |

## COMPLAINT

TRACY and RON FULTZ ("Plaintiffs"), by and through their attorneys, KIMMEL & SILVERMAN, P.C., allege the following against FRESH VIEW SOLUTIONS ("Defendant"):

## INTRODUCTION

1.    Plaintiffs' Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA"), the Colorado Fair Debt Collection Practices Act, Colo. Rev. Stat. §12-14-101, *et. seq* ("Colorado FDCPA")  and the Telephone Consumer Protection Act 47 U.S.C. § 227 *et. seq.* ("TCPA").

## JURISDICTION AND VENUE

2.    Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," and 28

1

U.S.C. § 1331 grants this court original jurisdiction of all civil actions arising under the laws of the United States.

3.     Defendant conducts business in the State of Colorado and as such, personal jurisdiction is established.

4.     Venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

## PARTIES

5.     Plaintiffs are natural people residing in Morningview, Kentucky 41063.

6.     Plaintiffs are a "person" as that term is defined by 47 U.S.C. 153 (39).

7.     Plaintiffs are a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

8.     Defendant is a debt collection company with headquarters located at 4340 South Monaco Street, Suite 400, Denver, Colorado 80237.

9.     Defendant is a "person" as that term is defined by 47 U.S.C. § 153(39.

10.   Defendant is a "debt collector" as that term is defined by 15 U.S.C. § 1692(a)(6), who repeatedly contacted Plaintiffs in an attempt to collect a "debt" as defined by 15 U.S.C. §1692(a)(5).

11.   Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers.

PLAINTIFFS' COMPLAINT

# FACTUAL ALLEGATIONS

12.   At all pertinent times hereto, Defendant was hired to collect a consumer debt and attempted to collect that debt from Plaintiffs.

13.   Defendant collects, and attempts to collect, debts incurred, or alleged to have been incurred, for personal, family, or household purposes on behalf of creditors using the U.S. Mail, telephone and/or internet.

14.   The Plaintiffs never incurred any debt in connection with a business or commercial activities, and therefore, the debt if truly their obligation, could only have arisen from financial obligation for primarily personal, family or household purposes.

15.   For the last 12 calendar months, and continuing thereafter, Defendant placed repeated harassing telephone calls to Plaintiffs' cellular telephone and home phone in its attempts to collect an alleged debt.

16.   Defendant's collectors called Plaintiffs from telephone number including, but not limited to, (844) 746-0438. The undersigned has confirmed that this number belongs to Defendant.

17.   Plaintiffs have had this cellular telephone number for more than one year.

18.   Plaintiffs have only used this number as a cellular telephone number.

19.   The phone number has been assigned to a cellular telephone service for

PLAINTIFFS' COMPLAINT

which Plaintiffs incurs a charge for incoming calls.

20.   Plaintiffs never provided permission to Defendant to call their cellular telephone number.

21.   Defendant called Plaintiffs, on average, once a day.

22.   Defendant used an automatic telephone dialing system, automated message and/or prerecorded voice when contacting Plaintiffs.

23.   At times, Plaintiffs would be met with an automated voice asking them to hold and then after a few seconds the call would end.

24.   Further, Defendant's telephone calls were not made for "emergency purposes."

25.   Defendant's actions as described herein were taken with the intent to harass, abuse, and coerce payment from Plaintiffs.

26.   Upon information and belief, Defendant conducts business in a manner which violates the FDCPA, the Colorado FDCPA and the TCPA.

## DEFENDANT VIOLATED THE
## FAIR DEBT COLLECTION PRACTICES ACT

## COUNT I

27.   Defendant's conduct violated 15 U.S.C. §§ 1692d and 1692d(5).

   a.   A debt collector violates § 1692d of the FDCPA  by engaging in conduct of the natural consequence of which is to harass,

4

oppress, or abuse any person in connection with the collection of a debt.

b.    A debt collector violates § 1692d(5) of the FDCPA by causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.

c.    Here, Defendant violated §§ 1692d and 1692d(5) of the FDCPA by repeatedly contacting Plaintiffs on their cellular telephone.

### DEFENDANT VIOLATED THE
### COLORADO FAIR DEBT COLLECTION PRACTICES ACT

### COUNT II

28.    Colo. Rev. Stat. § 12-14-106 states that a debt collector shall not engage in conduct the natural consequence is to harass and abuse a consumer in connection to the collection of an alleged debt.

29.    Defendant violated Colo. Rev. Stat. § 12-14-106 when it called Plaintiffs repeatedly and continuously, and when it engaged in other harassing or abusive conduct.

**COUNT III**

30.     Colo. Rev. Stat. § 12-14-106(e) states that a debt collector shall not cause a telephone to ring or engage any person in conversation repeatedly or continuously with the intent to annoy, abuse or harass.

31.     Defendant violated Colo. Rev. Stat. § 12-14-106(e) when it called Plaintiffs repeatedly and continuously with the intent to annoy Plaintiffs.

**DEFENDANT WAS NEGLIGENT IN ITS HIRING, TRAINING AND SUPERVISION OF DEBT COLLECTORS**

**COUNT IV**

32.     Under Colorado law, direct claims such as negligent hiring, supervision, training, and retention are based on the employer's own negligent conduct in creating an unreasonable risk of harm to others, and thus, causes of action for negligent hiring, supervision, training, and retention are a means to make an employer liable for the negligence of an employee.   Moses v. Diocese of Colorado, 863 P.2d 310 (Colo. 1997).

33.     As Defendant solicited business from Plaintiffs, Defendant owed Plaintiffs a duty to conduct its business in a reasonable manner.

34.     Accordingly, Defendant failed to properly hire, train and supervise its debt collectors, and breached its duty to Plaintiffs.

35.   As a proximate result of Defendant's negligent hiring, training and supervision, Plaintiffs suffered damages of anxiety, humiliation and stress.

36.   Punitive damages are available for negligent training, hiring and supervision See Bohrer v. DeHart, 943 P.2d 1220 (Col. Ct. App. 1996).

37.   Punitive damages are appropriate in the present matter.

## DEFENDANT VIOLATED THE
## TELEPONE CONSUMER PROTECTION ACT

### COUNT V

38.   Defendant's conduct, as detailed in the preceding paragraphs, violated the Telephone Consumer Protection Act.

39.   Under § 227(b)(3)(A) of the TCPA, a person or entity may bring a private cause of action in an appropriate court based on a violation of the TCPA or the regulations prescribed under the TCPA to enjoin such violation.

40.   Under § 227(b)(3)(B) of the TCPA, a person or entity may bring a private cause of action in an appropriate court "to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation whichever is greater."

41.   Despite the fact that Plaintiffs never consented to Defendant placing calls to them, Defendant repeatedly placed non-emergency calls to Plaintiffs' cellular telephone.

42. Based upon the conduct of Defendant, Plaintiffs aver that the enhancement of damages provided for by the TCPA allowing for Plaintiffs to recover up to $1,500 per call/violation be applied to calls placed.

43. Defendant's conduct violated § 227(b)(1)(A)(iii) of the TCPA by placing repeated calls using an automatic telephone dialing system to Plaintiffs' cellular telephone without prior express consent.

WHEREFORE, Plaintiffs, TRACY and RON FULTZ, respectfully pray for a judgment as follows:

    a.    All actual damages suffered pursuant to 15 U.S.C. §1692k(a)(1), Colo. Rev. Stat. § 12-14-113(1)(a) and Colorado common law;

    b.    Statutory damages of $1,000.00 for the violation of the FDCPA pursuant to 15 U.S.C. §1692k(a)(2)(A) and violation of the Colorado Fair Debt Collection Practices Act pursuant to Colo. Rev. Stat. § 12-14-113(1)(b);

    c.    All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiffs pursuant to 15 U.S.C. §1693k(a)(3) and Colo. Rev. Stat. § 12-14-113(1)(c);

    d.    Punitive damages for negligent training and hiring;

e.    Statutory damages of $500.00 per telephone call in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B);

f.    Statutory damages of up to $1,500 for each call in violation of the TCPA, pursuant to 47 U.S.C. §§ 227(c)(5)(B) and 227(c)(5)(C), which permits the Court in its discretion to award such damages if it finds that Defendant willfully or knowingly violated the TCPA; and

g.    Any other relief deemed appropriate by this Honorable Court.

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiffs, TRACY and RON FULTZ, demand a jury trial in this case.

RESPECTFULLY SUBMITTED,

By: */s/ Craig Thor Kimmel*_____
     CRAIG THOR KIMMEL
     Attorney ID No. 57100
     Kimmel & Silverman, P.C.
     30 E. Butler Pike
     Ambler, PA 19002
     Phone: (215) 540-8888
     Fax: (877) 788-2654
     Email: kimmel@creditlaw.com

Dated: 12-17-15

9